### BRIGHAM vs. WELCH.

Where the purchaser of a right in equity of redemption, at a sheriff's sale, had demanded possession of the mortgagor, who still remained on the land, and who answered that "if he thought he had a better right to the land than he, the occupant, had, he might get it when the law would give it to him;" and thereupon the purchaser brought a writ of entry against the mortgagor, who pleaded non-tenure in bar;—it was held that this evidence showed a claim of right on the part of the tenant, and disproved his plea;—and that the demandant was therefore entitled to judgment, though the mortgagee had previously entered for condition broken, and the debt was still unpaid.

THIS was a writ of entry on the demandant's own seisin, and a disseisin by the tenant; who pleaded in bar that he was not tenant of the freehold.

In a case stated by the parties, it appeared that the tenant had mortgaged the premises to one *John B. Lord*; that afterwards the demandant, being a judgment creditor of the tenant, had caused his right in equity to be seised and sold on execution, and had himself regularly become the purchaser at the sheriff's sale. *Aug.* 20, 1827; that in *February* 1828, *Lord* commenced his action against the tenant upon the mortgage deed, in which he had judgment in *May* following; and in the same month entered for condition broken, under his writ of possession. *Welch* continued to remain in possession as before, nothing having been said to him on this subject by the mortgagee. The present action was commenced *Feb.* 3, 1829; on the day previous to which, the demandant went to the house of the tenant on the premises, and demanded possession of the farm; to which the tenant replied that "if the demandant thought he had a better right to it than he had, he must get it when the law would give it to him." The demandant had never paid nor tendered the money due to the mortgagee.

*Deblois*, for the tenant, read an argument to the following effect. The general principle that the mortgagor is owner of the fee, as against all persons but the mortgagee, is conceded; but this principle does not hold after entry by the mortgagee for condition broken.

By such entry, the legal estate of the mortgagor is gone; nothing remaining to him but a remedy in equity. *Erskine v. Townsend*, 2 *Mass.* 495; 8 *Mass.* 554; *Maynard v. Hunt*, 5 *Pick.* 240. And therefore he cannot be considered as having any legal seisin of the land. *Penniman v. Hollis*, 13 *Mass.* 432; *Hill v. Payson*, 3 *Mass.* 559; *Parsons v. Welles & al.* 17 *Mass.* 419; *Gray v. Jenks*, 3 *Mason*, 520. The entry for condition broken has had the effect to render the mortgagor a mere stranger, as it respects any legal title to the estate; and to vest a sole seisin in the mortgagee. *Wellington v. Gale*, 7 *Mass.* 138; *Porter v. Millett*, 10 *Mass.* 101; *Goodwin v. Richardson*, 11 *Mass.* 474. Therefore *Lord*, the mortgagee, having entered under the mortgage, must be considered as the sole owner of the estate in question. Had the right in equity remained in *Welch*, and a stranger entered upon him, he could have maintained no action against such stranger on his own seisin, because he had none. The same distinction has been recognized in New York. *Jackson v. Willard*, 4 *Johns.* 41; *Hitchcock v. Harrington*, 6 *Johns.* 290; *Collins v. Torrey*, 7 *Johns.* 278. So in *Bolton v. Ballard*, 13 *Mass.* 227; *Groton v. Boxborough*, 6 *Mass.* 50; *Hatch v. Dwight*, 17 *Mass.* 299; *Fitchburg C. M. Corp. v. Melvin*, 15 *Mass.* 268; *Gibson v. Farley*, 16 *Mass.* 280. If then the mortgagor cannot maintain even trespass against a stranger, after entry by the mortgagee, he himself being a mere stranger to the land; neither can the demandant, standing in his place, maintain the present action.

Though in contemplation of law, *Welch's* remaining on the land was wrongful; yet every trespass is not a disseisin. At all events, his possession could amount to a disseisin only at the election of *Lord*. But it is not for a stranger, like the demandant, to make that election for *Lord*; much less to make it a disseisin of himself. Against the demandant, therefore, as against a stranger, without right, *Welch* has a right to say he is tenant at will to the mortgagee; leaving the demandant to recover on the strength of his own title; and having none, he must fail in the action.

*Greenleaf,* for the demandant.

Brigham *v.* Welch.

MELLEN C. J. delivered the opinion of the Court at the ensuing *June* term in *Kennebec.*

In this action the defendant pleads non-tenure ; and the question is whether, on the foregoing statement, the action is maintainable. The defendant does not deny the alleged seisin of the demandant, but in his plea relies upon a fact which, if true, constitutes a good defence, though the premises may be the property of the demandant. In relation to the merits of the plea, the facts are these, viz. that at the time of the commencement of the action, on the third day of *February,* 1829, the defendant was in possession of the premises ; that on the day preceding, the plaintiff demanded of him possession of the same ; to which he replied that if the demandant thought he had a better right to the land than the tenant had, he must get it when the law would give it to him. Here is a direct claim of right on the part of the defendant ; a plain refusal to surrender the possession, and a distinct defiance of the demandant's title, until he could establish it at law. These facts show that the defendant was tenant of the freehold, and of course the defence must fail. The argument of the defendant's counsel, as applied to a part of the case, is a correct and able one, and well sustained by authorities ; and if the defence had been placed on some other plea, which would have rendered his argument distinctly applicable to the point in issue, we should have felt its force, and probably have yielded to it. But as the case stands we are all of opinion that the defendant must be defaulted.